USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-18-2020

(sd-2354)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
SPENCER MIDDLETON,

                 Plaintiff,

   -against-

COSTCO WHOLESALE CORPORATION,

                 Defendant.

**Civil Action No.:
19-cv-11392 (LAK)**

**CONFIDENTIALITY
AGREEMENT**

Kaplan, D.J.

-------------------------------------X

    **IT IS HEREBY STIPULATED AND AGREED**, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain medical information, trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

    1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any medical record, document, pleading, exhibit, declaration, affidavit, deposition, transcript, inspection, documents containing proprietary information and all other tangible items.

    2. The parties may designate any Confidential Material produced or filed in this lawsuit, as confidential and subject to the terms of this Order by making such materials "Confidential". If any material has multiple pages, this

designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3. Any material designated as confidential pursuant to above shall be used solely for the purposes of this Lawsuit and for no other purposes.

4. The parties and counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material within the context of this lawsuit.

6. If additional persons become parties to this lawsuit, they shall not have access to any Confidential Material until they execute their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on the grounds of privilege) provided that the only person in attendance at the deposition are persons who are qualified to receive such information

2

pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality.

9. With respect to any communications to the Court including any pleadings, motions or other papers, all documents containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER". All communications shall indicate clearly

which portions are designated to be "Confidential". Any communications containing Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment).

10. An application to seal records/documents will be made to the assigned District Judge or the assigned Magistrate Judge, if appropriate.

11. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or Order and shall not produce and Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identify the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to

whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

13. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14. Other than counsel for the parties herein, prior to any individual viewing documents deemed confidential, each individual must execute the form annexed hereto as Exhibit A.

15. This Agreement shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

16. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Agreement may have occurred, such attorney shall report that there may have been a violation of this Agreement to the Court and all counsel of record.

17. After the termination of this Lawsuit, the provisions of this Agreement shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Agreement for the sole purpose of enforcement of its provision.

Dated:   Hauppauge, New York
         February 14, 2020

LEANDROS A. VRIONEDES, P.C.

By: _____
    Leandros A. Vrionedes
Attorneys for Plaintiff
**Office & P.O. Address:**
443 Park Avenue South,
Suite 1006
New York, New York 10016
(212) 889-9362

SIMMONS JANNACE DELUCA, LLP

By: _____
    Sal F. DeLuca (sd-2354)
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION
a/k/a COSTCO WHOLESALE CORP.
**Office & P.O. Address:**
43 Corporate Drive
Hauppauge, New York 11788-2048
(631) 873-4888

SO ORDERED: _____

HON. LEWIS A. KAPLAN, U.S.D.J.

Notwithstanding anything to the contrary herein:

1. Any papers filed under seal in this action shall be made part of the public record on or after 2/18/25, unless the Court otherwise orders.

2. Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

Dated: 2/18/2020

_____
Lewis A. Kaplan
United States District Judge

6

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:

_____

Signed in the presence of:

_____

(Attorney)