UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
SPENCER MIDDLETON,

                    Plaintiff,

-against-                                      19-cv-11392 (LAK)

COSTCO WHOLESALE CORPORATION,

                    Defendant.
------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

       Plaintiff in this negligence case seeks to recover damages for personal injuries allegedly suffered when he tripped and fell on defendant's premises. The matter is before the Court on defendant's two *in limine* motions. The first seeks to preclude Robert Bernstein, M.D., a radiologist, from giving evidence at trial on the theories that (a) plaintiff did not disclose Dr. Bernstein as a person with personal knowledge in his Rule 26 disclosure and (b) plaintiff's "supplemental expert disclosure" with respect to Dr. Bernstein was untimely and, to whatever extent plaintiff proposes to call Dr. Bernstein as a an expert witness rather than as a treating physician, the "supplemental expert disclosure" was inadequate. The second asks to foreclose plaintiff from eliciting from plaintiff's expert orthopedist, Dr. Katzman, any evidence concerning Dr. Bernstein's report of a January 18, 2019 MRI of plaintiff and to preclude him from testifying concerning the "causation of plaintiff's carpal tunnel syndrome."

*Dr. Bernstein*

Plaintiff's left shoulder allegedly was injured in an accident at Costco on December 27, 2018. He went to Dr. Shivdasani, apparently his primary care physician, on January 3, 2019. Dr. Shivdasani sent him for an MRI scan of his shoulder. Dr. Bernstein performed that scan on January 18, 2019 and rendered a report three days later (the "MRI Report"). The relevant portion of the report states:

> "Mild heterogeneity of the supraspinatus tendon suggestive of strain or partial tear. Tenosynovitis of the biceps tendon."

It does not express any view with respect to the cause or causes, or the time of onset, of plaintiff's left shoulder condition.

Plaintiff's Rule 26(a) disclosure listed the MRI Report. And while it did not mention Dr. Bernstein as a person likely having knowledge whom the plaintiff might call to support his claim, the fact that it was Dr. Bernstein who performed the MRI and rendered the MRI Report was obvious from the report itself.

The controversy concerning Dr. Bernstein arose only recently. Costco deposed Dr. Katzman, plaintiff's retained expert, on March 4, 2021. Dr. Katzman then stated that he had relied upon the MRI Report in reaching his own opinion but that he had not reviewed the MRI images taken by Dr. Bernstein "underlying" the report.[1] Then, in the course of the parties' preparation of the joint pretrial order, Costco refused to stipulate to the admission of the MRI Report in evidence because Dr. Katzman had not reviewed Dr. Bernstein's MRI images nor had plaintiff disclosed Dr.

---

[1] Dkt. 39 at 3.

Bernstein as an expert radiologist.[2]

In response to that disagreement, plaintiff served a so-called "Supplemental Expert Witness Disclosure" identifying Dr. Bernstein. That document related that plaintiff intended to call Dr. Bernstein in the event that Costco objected to the admissibility of the MRI Report

> "as a *treating radiologist* and a *non retained expert* at the trial of this action, regarding the left shoulder MRI and his observations, findings, and impression regarding the MRI of the plaintiff Spencer Middleton and his professional expert medical opinions as therein set forth."[3]

Costco objects, claiming that the disclosure of Dr. Bernstein as a witness would have been untimely whether he were regarded as a treating physician or as a retained expert witness. As to Dr. Bernstein as a treating physician – a percipient witness – it points to the failure to list Dr. Bernstein as a probably knowledgeable person whom plaintiff might use to support his claim in the Rule 26(a) disclosures. And to whatever extent the plaintiff proposes to call him as an expert witness, the disclosure was untimely under the Court's scheduling orders and in any case was insufficient.

This controversy resulted not because plaintiff really wanted to call Dr. Bernstein at trial, but as a result of the facts that (1) Dr. Katzman relied upon Dr. Bernstein's MRI Report to the exclusion of the images, and (2) Costco declined to stipulate to the admissibility of the report itself. The significance of the possible inadmissibility of the MRI Report, however, is not readily apparent.

Rule 703 of the Federal Rules of Evidence provides in relevant part that

> "[a]n expert may base on opinion on facts or data in the case that the

---

[2] Dkt. 37 at 3; Dkt. 38, ¶15; Dkt. 39 at 3.

[3] Dkt 36-9, at 1 (emphasis added).

expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."

Accordingly, the fact that Dr. Katzman had relied only on the MRI Report without looking at the images would not have prevented him from giving his opinion at trial. Tthere is ample evidence that treating physicians and retained orthopedists reasonably rely on radiologist's reports. And it is difficult to understand why the MRI images would have been thought useful.

That said, it has been obvious almost from the outset of the case that an MRI was done shortly after the alleged accident and that a report had been prepared. Inspection of the report would have revealed that Dr. Bernstein was the radiologist. And the images were available to both sides. Hence, if Costco had wanted to depose Dr. Bernstein, the means were at its hands.

To be sure, insofar as Dr. Bernstein may be regarded as a fact rather than an expert witness, his name should have been disclosed under Rule 26(a)(1)(A)(I) *if* the plaintiff then thought that he might use Dr. Bernstein to support his claims. But that is doubtful here, as one reasonably would not have expected a radiologist – one who had no greater involvement than taking an MRI scan and rendering a report to a physician much more directly concerned with treating the patient – to be necessary or even useful in supporting the plaintiff's claim. Hence, I find it difficult to accept Costco's assertion that plaintiff violated Rule 26(a) by failing to name Dr. Bernstein in his disclosures. Moreover, Rule 37 requires sanctions for a Rule 26(a) violation only if the violation is both unjustified and harmful. I decline to find either in these circumstances. Further, as this case will not be tried before the fall in any case, Costco may conduct a deposition of Dr. Bernstein provided it completes that deposition by the end of August. This eliminates any possible risk of harm.

*Dr. Katzman*

Dr. Katzman's report indicates that he will testify that plaintiff suffered from a left shoulder partial rotator cuff tear, left elbow strain, left wrist strain, and mild carpal tunnel syndrome, and that these all are causally related to the fall at issue in this case.[4]

The first branch of defendant's motion – that which seeks to preclude Dr. Katzman from testifying with respect to the MRI Report – is baseless in light of Federal Rule of Evidence 703 for the reasons stated above.

The motion seeks also to preclude Dr. Katzman from testifying concerning the "causation of plaintiff's carpal tunnel syndrome." Defendant's theory is that plaintiff had been diagnosed with carpal tunnel syndrome of the left extremity some years before the accident, that Dr. Katzman was unaware of that fact at the time he rendered his report, and that his diagnosis based solely on the electromyelogram results without knowledge of plaintiff's pre-accident medical history left him with no reliable basis for giving an opinion concerning the cause of the carpal tunnel syndrome. But, at this time, there is no competent medical evidence that plaintiff in fact had been diagnosed with carpal tunnel syndrome prior to the accident in question.

In the circumstances, it would be premature to rule *in limine* on the admissibility of Dr. Katzman's opinion as to the cause of the carpal tunnel syndrome.

*Conclusion*

For the foregoing reasons, the *in limine* motions (Dkts. 35 and 42) both are denied, the latter without prejudice to an objection at trial to a proffer of Dr. Katzman's opinion as to the

---

[4] Dkt. 43-5 at 3.

cause of the carpal tunnel syndrome.

SO ORDERED.

Dated:   June 4, 2021

_____
Lewis A. Kaplan
United States District Judge